

**FILED & ENTERED**

**AUG 09 2023**

**CLERK U.S. BANKRUPTCY COURT**
**Central District of California**
**BY** sumlin    **DEPUTY CLERK**

# UNITED STATES BANKRUPTCY COURT
# CENTRAL DISTRICT OF CALIFORNIA
# LOS ANGELES DIVISION

| | |
|---|---|
| In re:<br>Maine Consulting, LLC.,<br><br>                                    Debtor(s) | Case No.:    2:23-bk-14168-NB<br>Chapter:    11<br><br>**ORDER DISMISSING CASE WITH BAR TO BEING A DEBTOR IN BANKRUPTCY**<br><br><u>Hearing Date:</u><br>Date:  August 8, 2023<br>Time:  1:00 p.m.<br>Place: Courtroom 1545<br>           255 E. Temple Street<br>           Los Angeles, CA 90012<br>(or via Zoomgov per posted procedures) |

At the time and place set forth above, this Court held a continued hearing on its "Order Directing Debtor to Appear and Show Cause Why This Case Should Not Be Dismissed Based Upon Debtor's Lack of Representation by Legal Counsel" (dkt. 3, the "OSC").

Prior to the continued hearing this Court posted a Tentative Ruling, a copy of which is attached as **Exhibit A** and incorporated herein, indicating its intent to dismiss this case with 180-day bar to being a debtor in bankruptcy under 11 U.S.C. § 109(g)(1). No appearance was made by or on behalf of Debtor.

For the reason stated in the OSC, and in the attached Tentative Ruling, and alternatively for the additional reasons stated on the record, and good cause appearing, it is hereby ORDERED:

1. This case is DISMISSED.
2. Debtor is barred from being a debtor in bankruptcy for a period of 180-days from the entry of this order pursuant to 11 U.S.C. § 109(g)(1) ("willful failure to appear in proper prosecution" of this case).
3. Any discharge entered in this case is vacated.
4. Notwithstanding the dismissal of this case, this Court retains jurisdiction to the extent provided by LBR 1017-2(f).
5. The dismissal of this case terminates the automatic stay as a matter of law under 11 U.S.C. § 362(c)(1) & (2)(B).
6. Nothing in this dismissal order should be construed as mooting any motions that seek *in rem* or retroactive relief from the automatic stay.  Without further notice, and with or without any written order, this Court may determine that any other pending or future motion or adversary proceeding is or is not mooted by the dismissal of this case.  See *In re Carraher*, 971 F.2d 327, 328 (9th Cir. 1992); *In re Casamont Investors, Ltd.,* 196 B.R. 517, 522-26 (9th Cir. BAP 1996).
7. In view of the dismissal of this case, the U.S. Trustee's motion to dismiss or convert this case under 11 U.S.C. § 1112(b) (dkt. 13) is denied as moot.

###

Date: August 9, 2023

Neil W. Bason
United States Bankruptcy Judge

**EXHIBIT A**

**Tentative Ruling for 8/8/23:**

<u>Appearances required</u>.

If you are making an appearance, you may do so (1) in person in the courtroom, unless the Court has been closed (check the Court's website for public notices), (2) via ZoomGov video, or (3) via ZoomGov telephone.  For ZoomGov instructions for <u>all</u> matters on calendar, please see page 1 of the posted Tentative Rulings.

(1) <u>Current issues</u>
  (a) <u>Order to show cause re dismissal (dkt. 3, the "OSC"), no response on file</u>
 As of the preparation of this tentative ruling, Debtor still does not appear to have retained bankruptcy counsel to represent it despite the OSC and despite admonitions at the hearing on 7/18/23 by the Subchapter V Trustee, the United States Trustee, and this Court about the need to do so.  The tentative ruling is to dismiss this case for the reasons stated in the OSC and on the record at the hearing on 7/18/23.
  <u>*After the hearing this Court will prepare the order*</u>.

  (b) <u>Failure to comply with an order of this Court</u>
 Additionally and alternatively, the tentative ruling is to dismiss this case for the following alternative reasons, and to impose a 180-day bar to being a debtor in bankruptcy pursuant to 11 U.S.C. 109(g)(1) based on Debtor's willful failure to appear in proper prosecution of this case as follows.
 This Court's order setting principal status conference (dkt. 4) required Debtor to (x) serve that order on all parties in interest and file a proof of service "no later than two Court days after this order is entered on the docket," *i.e.,* by 7/6/23, and (y) file a case status report on Local form F 2015-3.1.SUBV.STATUS.RPT at least fourteen days before this status conference, *i.e.,* by 7/25/23.  As of the preparation of this tentative ruling, the docket does not reflect that Debtor has complied with either requirement.

 *Note:* The U.S. Trustee's motion to dismiss or convert this case (dkt. 13) is not on calendar for today.  But, if this case is not dismissed with a bar for the reasons stated above, Debtor is directed to address at this status conference what concrete steps it has taken to address the deficiencies noted by the U.S. Trustee - *e.g.,* reporting requirements, and insurance.

(2) <u>Dates/procedures</u>.  This Subchapter V case was filed on 7/3/23.
  (a) <u>Bar date</u>: 9/11/23 per General Order 20-01 (70 days after petition date in Subchapter V cases) (DO NOT SERVE any notice: one has already been sent, *see* dkt. 12).
  (b) <u>Procedures Order</u>:  dkt. 4 (no proof of service as of the preparation of this tentative ruling)
  (c) <u>Plan/Disclosure Statement</u>: file by 90 days after the petition date (per 11 U.S.C. 1189(b)) (DO NOT SERVE - except on the U.S. Trustee).   *See* Procedures Order.

(d) <u>Continued status conference</u>: *If* this Court is persuaded not to dismiss this case, continue to 8/15/23 at 1:00 p.m., with a **deadline of 8/9/23** to file and serve a case status report on Local Form F 2015-3.1.SUBV.STATUS.RPT.  Otherwise, if this case is dismissed, vacate that status conference (set by the Procedures Order).

**[PRIOR TENTATIVE RULING(S) OMITTED]**